UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND


JAMES PETROZZI            :
                                  :
v.                              :         C.A. No. 19-00377-WES
                                  :
ELECTRIC BOAT CORPORATION       :


# REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge


Pending before me for a report and recommendation (28 U.S.C. § 636(b)(1)(B)) is Defendant's

Motion to Dismiss Plaintiff's pro se Complaint. (ECF No. 7). Plaintiff opposes the Motion. (ECF No. 9).

For the following reasons, I recommend that Defendant's Motion be GRANTED.

### Facts

Plaintiff brings a number of claims against his former employer Electric Boat. He alleges that he

was employed by Electric Boat "from August 13th, 2003 until approximately June 2016." (ECF No. 1, Exh.

A at ¶ 3). He indicates that he and Electric Boat "mediated a matter of controversy relative to [his] tenure

of employment" in or around January 2017. Id., ¶ 13. He also refers to the breach of the "agreement created

in paragraph 13" which references the mediation. Id., ¶ 26. Finally, he alleges that Electric Boat has

engaged in a "pattern of conduct" in "violation of the terms of the settlement agreement in which the parties

mediated on or around January, 2017…." Id., ¶ 30.

### Discussion

Electric Boat moves to dismiss primarily on waiver grounds. It argues that Plaintiff entered into a

binding and enforceable settlement agreement and general release with it on March 1, 2017[1] which includes

---

[1] Electric Boat has appended a Settlement Agreement and General Release signed by Plaintiff on March 1, 2017 as Exhibit A to its Motion. (ECF No. 7-2). Although this Agreement is outside the four corners of Plaintiff's Complaint, it may be considered in ruling on this Rule 12(b)(6) Motion because Plaintiff does not contest its authenticity, refers to it in his Complaint, and alleges a violation of its terms. See Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001).

a waiver and release of liability for all of the claims presented in Plaintiff's Complaint with the exception of his claim that Electric Boat breached or violated the terms of the Settlement Agreement itself. As to the breach of contract claim, Electric Boat argues that it should be dismissed for insufficient pleading.

In his opposition, Plaintiff argues that his Complaint meets the standard of Rule 8(a) and sufficiently alleges damage to withstand Electric Boat's Motion to Dismiss. (ECF No. 9 at p. 1). He does not disavow the existence, enforceability or validity of the Settlement Agreement and General Release and does not rebut or even respond to Electric Boat's waiver argument. In fact, in his Opposition to the Motion to Dismiss, Plaintiff acknowledges that he "entered into a contract with the defendant" (ECF No. 9 at p. 3), and, in his Complaint, alleges a violation of the non-interference clause of the Settlement Agreement. (ECF No. 1, Exh. A at ¶ 26). Thus, it is clear and undisputed that the parties entered into a Settlement Agreement and General Release in March 2017 and that all of Plaintiff's claims herein (except his claim that the Settlement Agreement was violated) are legally barred by that Agreement. Accordingly, I recommend that Defendant's Motion to Dismiss be GRANTED as to those claims.

As to the breach of contract claim, it is purely a state law claim, and it is not well plead at this point. The Complaint does not clearly and plainly allege when and how Electric Boat breached the 2017 Settlement Agreement. In addition, although there appears to be diversity of citizenship and thus the potential for federal subject matter jurisdiction in this Court, the Complaint is unclear as to Plaintiff's claimed damages for the alleged breach of the 2017 Settlement Agreement and whether such damages satisfy the $75,000.00 amount in controversy requirement of 28 U.S.C. § 1332(a). Accordingly, as to the breach of contract claim only, I recommend that it be dismissed but without prejudice and with leave to file an Amended Complaint which more specifically states the nature of the breach of contract claim and the claimed damages related to such breach.

**Conclusion**

For the foregoing reasons, I recommend that Defendant's Motion to Dismiss (ECF No. 7) be GRANTED as follows: I recommend specifically that Plaintiff's claims for Interception of Communications (18 U.S.C. § 2511), violation of the Rhode Island Whistleblower Protection Act (R.I. Gen.

Laws § 28-50-1, et seq..), slander, cyberstalking, harassment and retaliation be DISMISSED with prejudice due to waiver and settlement. As to the remaining breach of Settlement Agreement claim, I recommend that it be DISMISSED without prejudice and with leave to file an Amended Complaint within thirty days that more specifically states when and how Electric Boat breached or violated the 2017 Settlement Agreement and how and in what monetary amount Plaintiff alleges he was harmed by such breach or violation.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
November 14, 2019